The Court,
also decided that the return from the 5th ward was void because the election was holden by two only of the three commissioners; and 'that the whole election was void for that reason; as well as because no certificate of “ the result of the election of Mayor ” was ever returned by 1he commissioners to the board of aldermen and board of common council, agreeably to the 3d section of the charter.
Notwithstanding this opinion of the Court the jury found a general verdict “ for the defendants,” thereby, in effect, affirming the election to be valid.
The Couht
(Thbuston, J., absent,)
ordered a new trial to be had at the present term, without costs. The issues were informal, there being a double traverse, namely, the election of Mr. Weight-man traversed by Mr. Carbery; and that of Mr. Carbery by Mr. Weightman.
The new trial came on, January 8, 1823, when Mr. Swann, to show that upon a mandamus the defendant cannot be amoved unless for the purpose of admitting the relator, cited The King v. The Mayor of Colchester, 2 T. R. 259; The King v. The Bishop of Chester, 1 T. R. 396; Geter v. Commissioners for Tobacco Inspection, 1 Bay, 356.
The Court'gave the same instructions to the jury as upon the former trial; and added, further, that upon the evidence, the jury ought to find a verdict for the relator.
Mr. Sioann, prayed the Court to instruct the jury that it was competent for them, upon that evidence, to find a verdict for the defendant; but the Court refused.
Verdict for the relator ; who thereupon filed an information in the nature of a quo toarranio, in the name of the Attorney of the United States, but it was never prosecuted, as the term for which the mayor was elected expired on the first Monday of June, 1824, and it could hardly be expected that the proceedings upon the quo warranto would be terminated before that day.